**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| **KALEEYSE MARTINEZ, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF EUGENIO ESPINOZA MARTINEZ, DECEASED** | § § § § § § | |
| *Plaintiff,* | § | **CIVIL ACTION NO.**  3:21-cv-258 |
| | § | |
| **v.** | § | |
| | § | |
| **TEXAS DEPARTMENT OF CRIMINAL JUSTICE, ET AL.,** | § § | |
| *Defendants.* | | |

**DEFENDANTS' NOTICE OF REMOVAL**

# EXHIBIT B

Filed for Record
9/26/2021 4:58 PM
Rhonda Barchak, District Clerk
Brazoria County, Texas
113131-CV
Lauren Ortiz, Deputy

# ENGVALL & YORK, LLP
## ATTORNEYS AT LAW
www.engvalltxlaw.com

1811 BERING DRIVE, SUITE 210
HOUSTON, TEXAS 77057
TELEPHONE: (713) 787-6700
FACSIMILE: (713) 787-0070

8620 N. NEW BRAUNFELS AVE., SUITE 540
SAN ANTONIO, TEXAS 78217
TELEPHONE: (210) 570-5250
FACSIMILE: (210) 855-3934

JOHN ENGVALL, JR.

jengvall@engvalltxlaw.com

July 26, 2021

*Via E-Service*
Ms. Rhonda Barchak
BRAZORIA COUNTY DISTRICT CLERK
111 E. Locust Street, Suite 500
Angleton, Texas  77515
*ATTN:  Lauren*

re:    Cause No. 113131-CV; *Martinez v. Texas Department of Criminal Justice*; In the 149th Judicial District Court of Brazoria County, Texas

Dear Lauren:

Per your request, in connection with the civil process request filed earlier today in the above referenced matter, below is a listing of the fees submitted related to preparation of the requested Citations:

Citations            (6 x $8.00)      $48.00
Service Copies       (90 x $ 0.10)    $  7.00

TOTAL FEES PAID  $57.00

Once the Citations have been issued, please forward them by mail to my Houston office address: 1811 Bering Dr., Suite 210, Houston, Texas 77057.

Thank you for your assistance.

Sincerely,

ENGVALL & YORK, LLP

John Engvall, Jr.

JE/mm



111 E. Locust, Ste. 500
Angleton, TX 77515

www.brazoriacountytx.gov

979-864-1316
979-388-1316
281-756-1316



# RHONDA BARCHAK
## DISTRICT CLERK
### BRAZORIA COUNTY

July 27, 2021

John Engvall Jr.
Engvall & York LLP
1811 Bering Drive Suite 210
Houston TX 77057

RE: Cause No. 113131-CV in the 149th District Court
    Style:  Kaleeyse Martinez, Individually And As Representative Of The Estate Of Eugeno Espinoza Martinez, Deceased Vs. Texas Department Of Criminal Justice, Bruce Armstrong, University Of Texas Medical Branch- Correctional Managed Care, Adaobi C. Nwafor, Fnp-c, And David W. Mbugua, Fnp-c

Dear Sir:

Please find enclosed the six (6) Citations which you requested on July 26, 2021. If we can be of further assistance, please do not hesitate to contact our office.

Sincerely,
**RHONDA BARCHAK, District Clerk**

Alyssa Cook, Deputy

Enclosure
CC: file

**FILE COPY**

Service I.D. No. 207946

THE STATE OF TEXAS                                                                      CITATION

**Cause No. 113131-CV**
**149th District Court**

TO:  **David W. Mbugua, FNP-C**                                              Defendant

NOTICE:

You have been sued. You may employ an attorney. If you or your Attorney do not file a written answer with the Clerk who issued this Citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this **Citation** and **Plaintiff's Original Petition** a Default Judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. If filing Pro Se, said answer may be filed by mailing same to: Brazoria County District Clerk's office, 111 E. Locust, Suite 500, Angleton, TX 77515-4678 or by bringing said answer in person to the aforementioned address.

The case is presently pending before the **149th District Court** of Brazoria County sitting in Angleton, Texas, and was filed on the **7th day of June, 2021.** It bears Cause No. **113131-CV** and Styled:

**Kaleeyse Martinez, Individually and as Representative of the Estate of Eugeno Espinoza Martinez, Deceased**

**vs.**

**Texas Department of Criminal Justice, Bruce Armstrong, University of Texas Medical Branch-Correctional Managed Care, Adaobi C. Nwafor, FNP-C, and David W. Mbugua, FNP-C**

The name and address of the Attorney filing this action (or Party, if Pro se) is, **John Engvall, Jr., Engvall & York LLP, 1811 Bering Drive, Suite 210, Houston, TX 77057.**

The nature of the demands of said Plaintiff is shown by a true and correct copy of Plaintiff's Petition accompanying this Citation.

Issued under my hand and the seal of said Court, at Angleton, Texas, on the **27th day of July, 2021.**

**RHONDA BARCHAK, DISTRICT CLERK**
**Brazoria County, Texas**

By _____ Deputy
          Alyssa Cook

**FILE COPY**

Citation

THE STATE OF TEXAS                                                                                      CITATION

Return of Service

Cause No. 113131-CV  149th District Court

KALEEYSE MARTINEZ, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF EUGENO ESPINOZA MARTINEZ, DECEASED
VS.
TEXAS DEPARTMENT OF CRIMINAL JUSTICE, BRUCE ARMSTRONG, UNIVERSITY OF TEXAS MEDICAL BRANCH-CORRECTIONAL MANAGED CARE, ADAOBI C. NWAFOR, FNP-C, AND DAVID W. MBUGUA, FNP-C

David W. Mbugua, FNP-C

Came to hand on the _____ day of _____, 20____ at _____, o'clock _____.m., and executed in _____ County, Texas by delivering to each of the within named parties in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Original Petition  at the following times and places, to-wit:

NAME        DATE      TIME      PLACE, COURSE, AND DISTANCE FROM COURTHOUSE   MILEAGE

_____

_____

_____

and not executed as to (NAME)_____

and the cause or failure to execute this process is for the following reason: _____

_____

The diligence used in finding said (NAME) being: _____

FEES:
Serving Citation and Copy                    $_____        _____, Officer
Mileage: _____ miles @ $_____ per mile     $_____        _____ County, Texas
Total                                        $_____
                                                                 _____
                                                                 Deputy/Authorized Person

COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____, and my
            (First, Middle, Last)
address is_____
            (Street, City, State, Zip Code, Country)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____ day of _____, 20___.


                                    _____
                                    Declarant/Authorized Process Server

                                    _____
                                    (Id No. and expiration of certification)

Citation

THE STATE OF TEXAS                                                                    CITATION

## Cause No. 113131-CV
## 149th District Court


TO:   **Adaobi C. Nwafor, FNP-C**                                        Defendant


NOTICE:

You have been sued. You may employ an attorney. If you or your Attorney do not file a written answer with the Clerk who issued this Citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this **Citation** and **Plaintiff's Original Petition** a Default Judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. If filing Pro Se, said answer may be filed by mailing same to: Brazoria County District Clerk's office, 111 E. Locust, Suite 500, Angleton, TX 77515-4678 or by bringing said answer in person to the aforementioned address.

The case is presently pending before the **149th District Court** of Brazoria County sitting in Angleton, Texas, and was filed on the **7th day of June, 2021.** It bears Cause No. **113131-CV** and Styled:

## Kaleeyse Martinez, Individually and as Representative of the Estate of Eugeno Espinoza Martinez, Deceased
### vs.
## Texas Department of Criminal Justice, Bruce Armstrong, University of Texas Medical Branch-Correctional Managed Care, Adaobi C. Nwafor, FNP-C, and David W. Mbugua, FNP-C

The name and address of the Attorney filing this action (or Party, if Pro se) is, **John Engvall, Jr., Engvall & York LLP, 1811 Bering Drive, Suite 210, Houston, TX 77057.**

The nature of the demands of said Plaintiff is shown by a true and correct copy of Plaintiff's Petition accompanying this Citation.

Issued under my hand and the seal of said Court, at Angleton, Texas, on the **27th day of July, 2021.**


**RHONDA BARCHAK, DISTRICT CLERK**
**Brazoria County, Texas**

By _Alyssa Cook_____ Deputy
        Alyssa Cook


**FILE COPY**

Citation

THE STATE OF TEXAS

Return of Service .

Cause No. 113131-CV 149th District Court

KALEEYSE MARTINEZ, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF EUGENO ESPINOZA MARTINEZ, DECEASED

VS.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE, BRUCE ARMSTRONG, UNIVERSITY OF TEXAS MEDICAL BRANCH-CORRECTIONAL MANAGED CARE, ADAOBI C. NWAFOR, FNP-C, AND DAVID W. MBUGUA, FNP-C

Adaobi C. Nwafor, FNP-C

Came to hand on the _____ day of _____, 20___ at _____, o'clock _____.m., and executed in _____ County, Texas by delivering to each of the within named parties in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Original Petition at the following times and places, to-wit:

NAME     DATE    TIME    PLACE, COURSE, AND DISTANCE FROM COURTHOUSE·  ·MILEAGE

_____

_____

_____

and not executed as to (NAME)_____

and the cause or failure to execute this process is for the following reason: _____

_____

The diligence used in finding said (NAME) being: _____

FEES:
Serving Citation and Copy          $_____                    _____, Officer
Mileage: _____ miles @ $_____ per mile    $_____          _____ County, Texas
Total                              $_____

                                                                  _____
                                                                  Deputy/Authorized Person

COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____, and my
           (First, Middle, Last)
address is_____
           (Street, City, State, Zip Code, Country)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____ day of _____, 20___.

                                        _____
                                        Declarant/Authorized Process Server

                                        _____
                                        (Id No. and expiration of certification)

RETURN OF SERVICE

CAUSE NO. 113131-CV    149th District Court

KALEEYSE MARTINEZ, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF EUGENO ESPINOZA MARTINEZ, DECEASED
VS.
TEXAS DEPARTMENT OF CRIMINAL JUSTICE, BRUCE ARMSTRONG, UNIVERSITY OF TEXAS MEDICAL BRANCH-CORRECTIONAL MANAGED CARE, ADAOBI C. NWAFOR, FNP-C, AND DAVID W. MBUGUA, FNP-C

Texas Department of Criminal Justice
By serving its Registered Agent
Ken Paxton, Attorney General
300 W. 15th Street
Austin, TX 78701

Came to hand on the _____ day of _____, 20___ at _____, o'clock ____.m., and executed in _____ County, Texas by delivering to each of the within named parties in person, a true copy of this CITATION with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Original Petition at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE, COURSE, AND DISTANCE FROM COURTHOUSE | MILEAGE |
|------|------|------|---------------------------------------------|---------|
|      |      |      |                                             |         |
|      |      |      |                                             |         |
|      |      |      |                                             |         |

and not executed as to (NAME)_____

and the cause or failure to execute this process is for the following reason: _____

_____

The diligence used in finding said (NAME) being: _____

FEES:
Serving Citation and Copy          $_____        _____, Officer
Mileage: _____ miles @ $_____ per mile   $_____   _____ County, Texas
Total                              $_____        _____
                                                      Deputy/Authorized Person

<u>COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.</u>
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____, and my
            (First, Middle, Last)
address is_____
            (Street, City, State, Zip Code, Country)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the ____ day of _____, 20__.

_____
Declarant/Authorized Process Server

_____
(Id No. and expiration of certification)

Service I.D. No. 207944

## CAUSE NO. 113131-CV
### 149th District Court

THE STATE OF TEXAS                                                        CITATION

TO:  **University of Texas Medical Branch – Correctional**                 Defendant
     **Managed Care**
     **By serving its Registered Agent**
     **Maria L. Gonzalez**
     **301 University Blvd., Rt. 0985**
     **Galveston, TX 77555**

NOTICE:

  You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the Clerk who issued this Citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this **Citation** and **Plaintiff's Original Petition** a Default Judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. If filing Pro se, said answer may be filed by mailing same to: Brazoria County District Clerk's office, 111 E. Locust, Suite 500, Angleton, TX 77515-4678 or by bringing said answer in person to the aforementioned address.

  The case is presently pending before the **149th District Court** of Brazoria County sitting in Angleton, Texas, and was filed on the **7th day of June, 2021.** It bears Cause No. **113131-CV** and Styled:

**Kaleeyse Martinez, Individually and as Representative of the Estate of Eugeno Espinoza Martinez, Deceased**
**vs.**
**Texas Department of Criminal Justice, Bruce Armstrong, University of Texas Medical Branch-Correctional Managed Care, Adaobi C. Nwafor, FNP-C, and David W. Mbugua, FNP-C**

  The name and address of the Attorney filing this action (or Party, if Pro Se) is **John Engvall, Jr., Engvall & York LLP, 1811 Bering Drive, Suite 210, Houston, TX 77057.**

  The nature of the demands of said Plaintiff is shown by a true and correct copy of Plaintiff's Petition accompanying this Citation.

  Issued under my hand and the seal of said Court, at Angleton, Texas, on the **27th day of July, 2021.**

**RHONDA BARCHAK, DISTRICT CLERK**
**Brazoria County, Texas**

By _Alyssa Cook_____, Deputy
   Alyssa Cook

**FILE COPY**

Citation by Registered Agent

RETURN OF SERVICE

CAUSE NO. 113131-CV      149th District Court

KALEEYSE MARTINEZ, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF EUGENO ESPINOZA
MARTINEZ, DECEASED
VS.
TEXAS DEPARTMENT OF CRIMINAL JUSTICE, BRUCE ARMSTRONG, UNIVERSITY OF TEXAS MEDICAL BRANCH-
CORRECTIONAL MANAGED CARE, ADAOBI C. NWAFOR, FNP-C, AND DAVID W. MBUGUA, FNP-C

University of Texas Medical Branch – Correctional
Managed Care
By serving its Registered Agent
Maria L. Gonzalez
301 University Blvd., Rt. 0985
Galveston, TX 77555

Came to hand on the _____ day of _____, 20___ at _____, o'clock ____.m., and executed in
_____ County, Texas by delivering to each of the within named parties in person, a true copy of this CITATION
with the date of delivery endorsed thereon, together with the accompanying copy of the  Plaintiff's Original Petition at the following
times and places, to-wit:

| NAME | DATE | TIME | PLACE, COURSE, AND DISTANCE FROM COURTHOUSE | MILEAGE |
|------|------|------|---------------------------------------------|---------|
|      |      |      |                                             |         |
|      |      |      |                                             |         |
|      |      |      |                                             |         |
|      |      |      |                                             |         |

and not executed as to (NAME)_____

and the cause or failure to execute this process is for the following reason: _____


_____

The diligence used in finding said (NAME) being: _____

FEES:
Serving Citation and Copy          $_____      _____, Officer
Mileage: _____ miles @ $_____ per mile   $_____      _____County, Texas
Total                              $_____      _____
                                                    Deputy/Authorized Person

COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.
In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The
return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the
statement below in substantially the following form:

"My name is _____, my date of birth is _____, and my
                        (First, Middle, Last)
address is_____
                        (Street, City, State, Zip Code, Country)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the ____ day of _____, 20__.


_____
Declarant/Authorized Process Server

_____
(Id No. and expiration of certification)


Citation by Registered Agent

# CIVIL CASE INFORMATION SHEET

113131-CV

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____     COURT *(FOR CLERK USE ONLY):* _____

STYLED KALEEYSE MARTINEZ, INDIV. AND AS REP. of ESTATE of EUGENIO MARTINEZ v. Tx DEPT. of CRIM.
*(e.g. John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)* JUSTICE

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental ET AL.
health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at
the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** JOHN ENGVALL, JR<br><br>**Address:** 1811 Bering Dr. Ste 210<br><br>**City/State/Zip:** Houston, Tx 77057<br><br>**Signature:** | **Email:** jengvall@engvall-law.com<br><br>**Telephone:** 713-787-6700<br><br>**Fax:** 713-787-0070<br><br>**State Bar No:** 00628915 | **Plaintiff(s)/Petitioner(s):** KALEEYSE MARTINEZ<br><br>**Defendant(s)/Respondent(s):** TEXAS DEPT. of CRIM. JUSTICE ET. AL.<br><br>[Attach additional page as necessary to list all parties] | ☐ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other:<br><br>Additional Parties in Child Support Case:<br><br>Custodial Parent:<br><br>Non-Custodial Parent:<br><br>Presumed Father: |

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br><br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional Liability:<br><br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability<br>List Product:<br><br>☑ Other Injury or Damage: | ☐ Eminent Domain/ Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br><br>**Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—Pre-indictment<br>☐ Other: | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children<br><br><br>**Other Family Law**<br>☐ Enforce Foreign Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities of Minority<br>☐ Other: | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order<br><br>**Parent-Child Relationship**<br>☐ Adoption/Adoption with Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental Rights<br>☐ Other Parent-Child: |
| **Employment** | | **Other Civil** | | |
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: | Filed for Record<br>6/7/2021 4:51 PM<br>Rhonda Barchak, District Clerk<br>Brazoria County, Texas<br>113131-CV<br>Sunnye Wingo, Deputy | |
| **Tax** | | **Probate & Mental Health** | | |
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: | | |

## 3. Indicate procedure or remedy, if applicable (may select more than 1):

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

## 4. Indicate damages sought (do not select if it is a family law case):

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100,000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☑ Over $1,000,000

**POOR ORIGINAL**

Rev 2/13

Filed for Record
6/7/2021 4:51 PM
Rhonda Barchak, District Clerk
Brazoria County, Texas
113131-CV
Sunnye Wingo, Deputy

113131-CV

CAUSE NO. _____

| | | |
|---|---|---|
| KALEEYSE MARTINEZ, Individually and as REPRESENTATIVE OF THE ESTATE OF EUGENIO ESPINOZA MARTINEZ, Deceased | § § § § | IN THE DISTRICT COURT OF |
| V. | § § | BRAZORIA COUNTY, TEXAS |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, BRUCE ARMSTRONG, UNIVERSITY OF TEXAS MEDICAL BRANCH-CORRECTIONAL MANAGED CARE, ADAOBI C. NWAFOR, FNP-C, and DAVID W. MBUGUA, FNP-C | § § § § § § § § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff herein KALEEYSE MARTINEZ, Individually and as Representative of the Estate of EUGENIO ESPINOZA MARTINEZ, Deceased ("Plaintiff") and brings this action against TEXAS DEPARTMENT OF CRIMINAL JUSTICE ("TDCJ"), BRUCE ARMSTRONG ("Armstrong"), UNIVERSITY OF TEXAS MEDICAL BRANCH-CORRECTIONAL MANAGED CARE, ADAOBI C. NWAFOR, FNP-C ("Nwafor), and DAVID W. MBUGUA, FNP-C ("Mbugua") and, in support thereof, would respectfully show the Court as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

Discovery in this case is being conducted under Level 3, pursuant to Rule 190 of the Texas Rules of Civil Procedure.

## II.
## PARTIES

1.      Plaintiff KALEEYSE MARTINEZ is a resident and citizen of the State of Texas.  She brings this wrongful death cause of action on behalf of herself and as Representative (and sole heir) of the Estate of her biological father, EUGENIO ESPINOZA MARTINEZ, Deceased ("Decedent").

2.      Decedent EUGENIO ESPINOZA MARTINEZ was a resident and citizen of the State of Texas, and was the biological father of Plaintiff Kaleeyse Martinez.

3.      Defendant TEXAS DEPARTMENT OF CRIMINAL JUSTICE may be served with process by serving Ken Paxton, Office of the Attorney General, 300 W. 15th Street, Austin, Texas 78701 and Bryan Collier, Executive Director of TDCJ, Price Daniel Building, 209 W. 14th Street, 5th Floor, Austin, Texas 78701.

4.      Defendant BRUCE ARMSTRONG is the warden of the TDC Darrington Unit and is a resident and citizen of the State of Texas who may be served with process at 59 Darrington Road, Rosharon, Texas 77583.

5.      Defendant UNIVERSITY OF TEXAS MEDICAL BRANCH-CORRECTIONAL MANAGED CARE may be served with process through its registered agent Maria L. Gonzalez, The University of Texas Medical Branch at Galveston, 301 University Blvd., Rt. 0985, Galveston, Texas 77555.

6.      Defendant ADAOBI C. NWAFOR, FNP-C is a resident and citizen of the State of Texas who may be served with process at

7.      Defendant DAVID W. MBUGUA, FNP-C is a resident and citizen of the State of Texas who may be served with process at

## III.
## JURISDICTION AND VENUE

8.      42 U.S.C. §1983 and 42 U.S.C. §1988 provide jurisdiction over Plaintiff's constitutional

claims for redress, which are conferred on this Court by 28 U.S.C. §1343(a)(3).

9.      This Court also has pendant jurisdiction over all other claims asserted under the laws of

the State of Texas, pursuant to 28 U.S.C. §1367(a) and TEX. CIV. PRAC. & REM. CODE Chapter 107

and Chapter 74.

10.      Venue is proper in Brazoria County, Texas, because Brazoria County is where the acts and

omissions that caused the death of Mr. Martinez occurred and that form the bases of the wrongful

death claim, survival claim, and all other claims stated in this Petition.

## IV.
## DUTY AND APPLICABLE LAW

11.      Decedent was subjected to cruel and unusual punishment, a violation of his rights

guaranteed to him by the Eighth Amendment of the United States Constitution.

12.      Plaintiff commences this action pursuant to 42 U.S.C. §1983 which provides, in relevant

part, for redress for every person within the jurisdiction of the United States for the deprivation,

under color of statute, ordinance, regulation, custom or usage secured by the Constitution and laws

of the United States.

13.      Defendants deprived Decedent of necessary medical care and treatment, causing him days

of pain and suffering and ultimately his death, and were acting under the color of law and are liable

under 42 U.S.C. §1983.

## V.
## BACKGROUND

14.      Decedent Eugenio Espinoza Martinez was assigned to the Clarence N. Stevenson Unit

located in Cuero, DeWitt County, Texas, and while there, received medical care related to his

Diabetes Mellitus Type II and Hypertension. During his time served at the Stevenson Unit, Decedent received his regularly scheduled medications and his health remained stable.

15.     On or about January 7, 2019, Decedent was transferred to the Darrington Unit located in Rosharon, Brazoria County, Texas. The transfer was made under the guise of his need for 24-hour medical care for his medical conditions. However, Decedent's care was reduced while at the Darrington Unit, including the failure of the prison personnel to administer his regular and necessary medications. Additionally, medical and non-medical personnel at Darrington Unit continued to ignore Decedent's pleas for help, medical treatment, and transfer for hospital treatment.

16.     On June 4, 2019, Decedent was having difficulty breathing and was unable to get up from his bunk without help due to severe back pain. He asked that the dorm officer be notified of his need for medical attention. Decedent was transferred via stretcher to the infirmary; however, his breathing issues were not addressed at that time. Medical personnel assumed Defendant was suffering from anxiety and refused to transport him to the hospital. He was returned to his dorm via a walker.

17.     On June 6, 2019, after Decedent's continued complaints related to his breathing, two persons from the infirmary came to Decedent's bunk with a stretcher. The infirmary personnel yelled at Decedent to get up and get himself onto the stretcher, or they would leave, and he would have to walk himself to the infirmary. Decedent informed the infirmary personnel that he was unable to get up due to his back pain and that he was having a hard time breathing. He was finally given assistance onto the stretcher and was taken to the infirmary. *Later that morning, when trying to maneuver back to his dorm area with a walker, Decedent was sweating uncontrollably and struggling to breathe. He collapsed to the floor. When officers approached him, they called for medical who came with a wheelchair. However, when the male and female medical*

*personnel arrived with a wheelchair, they stood over him laughing and instructed him to get up and into the wheelchair. Decedent begged infirmary personnel to send him to the hospital due to his labored breathing, but transport was yet again refused, and he was returned to his dorm a short time later.*

18.    On June 7, 2019, the dorm officer was notified by another inmate that Decedent was ill and needed medical attention. The dorm officer checked on Decedent and immediately called for medical attention. While waiting for medical to arrive, officers came to the dorm and had to make an additional call for medical help. Decedent informed the officers that he could not breathe. After the second call, medical personnel arrived with a wheelchair and took Decedent to the infirmary.

19.    Later in the evening of **June 7, 2019**, after multiple complaints by Decedent related to shortness of breath and inability to breath, he was finally taken to the University of Texas Medical Branch-Angleton Danbury Campus. *Upon arrival, Decedent was noted to be acutely ill with multi-organ system failure and was transferred to the University of Texas Medical Branch-Galveston the following day, June 8, 2019. Upon arrival at University of Texas Medical Branch-Galveston, Decedent was found to be in septic shock, and his blood cultures were positive for Staphylococcus aureus infection. Decedent expired only hours later of sepsis due to the extent of the infection in his body.*

20.    The autopsy performed on Decedent revealed that, in addition to the Staphylococcus aureus infection, Decedent suffered petechial hemorrhages involving all major organs, congested and abscessed lungs, ischemic changes to his liver as a result of insufficient blood flow, congestive splenomegaly, and vascular congestion. The mucosa of his colon were noted to be necrotic caused by hypotension due to septic shock. Exam of Decedent's brain revealed moderate cerebral edema and acute ischemic encephalomalacia, known to be the most serious type of brain injury that results in softening of the brain's tissue due to hemorrhage and/or inflammation. An abscess had formed

in Decedent's right psoas muscle, which likely caused his severe back pain.  The pathologist determined that due to the systemic infection, Decedent went into septic shock with multiorgan failure, including edematous lungs, leading to his death.  Plaintiff's injuries and damages are a direct result of Defendants' neglect.

21.     Each of these medical conditions not only caused Decedent's untimely death, but were also conditions that could have been – and should have been – discovered and treated by medical and non-medical personnel within the Texas Department of Criminal Justice system in connection with the University of Texas Medical Branch-Correctional Managed Care.  Decedent requested on multiple occasions to be treated for his illness and also requested to be taken to the hospital for treatment.  However, due to the failures and neglect of medical and non-medical (TDCJ) personnel, Nwafor and Mbugua failed to recognize the severity of infection from which Decedent was suffering, and the lack of oversight and supervision by the University of Texas Medical Branch-Correctional Managed Care, Texas Department of Criminal Justice, and Warden Armstrong, Decedent was refused timely, necessary, and adequate medical care that could have saved his life.

22.     Each of these Defendants collectively deprived Decedent of necessary medical care and attention that resulted in his pain, suffering, and untimely death.  Additionally, each were acting under the color of law and are liable pursuant to the Eighth Amendment of the Constitution of the United States and pursuant to 42 U.S.C. §1983.  Defendants' acts and omissions caused Decedent to suffer cruel and unusual punishment in the days and months leading up to his death, in violation of the Eighth Amendment of the Constitution of the United States.

23.     Due to the untimely death of her father while under the care of the State of Texas and its employees and/or representatives. Plaintiff brings this suit for the causes of action and damages as outlined below.

## VI.
## CAUSES OF ACTION

**A.     NEGLIGENCE OF DEFENDANT TEXAS DEPARTMENT OF CRIMINAL JUSTICE ("TDCJ")**

24.     Plaintiff hereby incorporates all Paragraphs of Section V above, as if set forth in this space.

25.     The acts, omissions, and failures of Defendant Texas Department of Criminal Justice on the occasions in question were unreasonable and were the proximate and producing causes of the injuries and untimely death of Decedent and the damages suffered by Plaintiff.  This Defendant is liable to Plaintiff pursuant to the Eighth Amendment of the Constitution and pursuant to 42 U.S.C. §1983 for acting with deliberate indifference to the extent of Decedent's illness and/or infection which occurred due to their lack of oversight and management of personnel at the Darrington Unit. Their failures allowed for the neglect of Decedent, specifically his much needed medical care and attention.

26.     Each such act, omission, and/or failure of Defendant Texas Department of Criminal Justice, singularly or in combination with others, constituted negligence which proximately caused the death of Decedent and Plaintiff's injuries and damages. Plaintiff reserves the right to plead more specifically as facts become more fully known in discovery.

**B.     NEGLIGENCE OF DEFENDANT ARMSTRONG**

27.     Plaintiff hereby incorporates all Paragraphs of Section V above, as if set forth in this space.

28.     The acts, omissions, and failures of Defendant Armstrong on the occasions in question were unreasonable and were the proximate and producing causes of the injuries and untimely death of Decedent and the damages suffered by Plaintiff.  Defendant Armstrong is liable to Plaintiff for violating Defendant's Eighth Amendment rights and is liable pursuant to 42 U.S.C. §1983 for acting with deliberate indifference to the extent of Decedent's illness and/or infection which occurred due to his lack of oversight and management of the employees of the state-operated

establishment over which he had control.  His failures allowed for the neglect of Decedent on multiple occasions, the failure to recognize Decedent's need for adequate and timely medical care and attention, and Decedent's decline and ultimate death.

29.     Each such act, omission, and/or failure of Defendant Armstrong, singularly or in combination with others, constituted negligence which proximately caused the death of Decedent and Plaintiff's injuries and damages.  Plaintiff reserves the right to plead more specifically as facts become more fully known in discovery.

## C.    NEGLIGENCE AND DELIBERATE INDIFFERENCE OF DEFENDANTS NWAFOR AND MBUGUA

30.     Plaintiff hereby incorporates all Paragraphs of Section V above, as if set forth in this space.

31.     The acts, omissions, and failures of Defendants Nwafor and Mbugua on the occasions in question were unreasonable and were proximate and producing causes of the injuries and untimely death of Decedent and the damages suffered by Plaintiff.  Defendants Nwafor and Mbugua are liable to Plaintiff for violating Defendant's Eighth Amendment rights and are liable pursuant to 42 U.S.C. §1983 for acting with deliberate indifference to the extent of Decedent's illness and/or infection which caused Decedent's untimely death.  Their failures deprived Decedent of vital medical care and attention necessary to prevent the spread of infection, sepsis throughout the body, breakdown of vital organs, hemorrhaging, brain damage, and ultimate death.

32.     Each such act, omission, and/or failure of Defendants Nwafor and Mbugua, singularly or in combination with others, also constituted negligence which proximately caused the death of Decedent and Plaintiff's injuries and damages.  Plaintiff pleads state claims of wrongful death and survival pursuant to Chapter 71 of the Texas Civil Practice & Remedies Code.  Plaintiff reserves the right to plead more specifically as facts become more fully known in discovery.

**D.**   ***RESPONDEAT SUPERIOR*: TEXAS DEPARTMENT OF CRIMINAL JUSTICE AND UNIVERSITY OF TEXAS MEDICAL BRANCH-CORRECTIONAL MANAGED CARE**

33.    Plaintiff hereby incorporates all Paragraphs of Section V above, as if set forth in this space.

34.    At all times relevant hereto, Defendants Nwafor and Mbugua were acting in the course and scope of their employment with Defendant University of Texas Medical Branch-Correctional Managed Care.

35.    At all times relevant hereto, all TDCJ employees of the Darrington Unit were acting within the course and scope of their employment with Texas Department of Criminal Justice.

**E.**   **NEGLIGENCE AND NEGLIGENCE *PER SE* OF DEFENDANT UNIVERSITY OF TEXAS MEDICAL BRANCH-CORRECTIONAL MANAGED CARE**

36.    Plaintiff hereby incorporates all Paragraphs of Section V above, as if set forth in this space.

37.    Plaintiff would show that Defendant University of Texas Medical Branch-Correctional Managed Care was negligent and negligent *per se* at all times of Decedent's time at Darrington Unit and subsequent death.  Plaintiff would show that Defendants Nwafor and Mbugua were agents, servants, and/or employees of the University of Texas Medical Branch-Correctional Managed Care and also, by contract agents of TDCJ, were acting within the course and scope of their employment as agents, servants, and/or employees when the acts and omissions that caused the death made the basis of this suit occurred.  As such, Defendant University of Texas Medical Branch-Correctional Managed Care is liable for the negligence and negligence *per se* of Defendants Nwafor and Mbugua under the theory of *respondeat superior*.

**F.**   **NEGLIGENT HIRING, RETENTION, SUPERVISION, AND TRAINING OF DEFENDANT UNIVERSITY OF TEXAS MEDICAL BRANCH-CORRECTIONAL MANAGED CARE**

38.    Plaintiff hereby incorporates all Paragraphs of Section V above, as if set forth in this space.

39.    Plaintiff would show that Defendant University of Texas Medical Branch-Correctional Managed Care was also independently negligent in one or more of the following respects:

a. negligent hiring;
b. negligent employee qualifications;
c. negligent training;
d. negligent supervision and monitoring of Defendants Nwafor and Mbugua;
e. negligent retention;
f. negligent contracting;
g. Defendant failed to have an adequate program and/or protocol in place to ensure that effective ongoing monitoring and training of its medical personnel occurred; and
h. Defendant placed medical personnel in the Darrington Unit facility knowing that the personnel were incompetent and that such incompetence could in all likelihood cause serious injury to others in the event of a health emergency such as that which occurred to Decedent.

## G.   NEGLIGENCE *PER SE* OF DEFENDANT TEXAS DEPARTMENT OF CRIMINAL JUSTICE

40.   Plaintiff hereby incorporates all Paragraphs of Section IV above, as if set forth in this space.

41.   Plaintiff would show that Defendant Texas Department of Criminal Justice was negligent and negligent *per se* at all times of Decedent's time at Darrington Unit and subsequent death. Further, Plaintiff would show that Armstrong and all TDCJ employees were agents, servants, and/or employees of Defendant Texas Department of Criminal Justice, and were acting within the course and scope of their employment as agents, servants, and/or employees when the incidents and subsequent death made the basis of this suit occurred. As such, Defendant Texas Department of Criminal Justice is liable for the negligence and negligence *per se* of Defendants Armstrong and all TDCJ employees under the theory of *respondeat superior*.

## H.   NEGLIGENT HIRING, RETENTION, SUPERVISION, AND TRAINING OF DEFENDANT TEXAS DEPARTMENT OF CRIMINAL JUSTICE

42.   Plaintiff hereby incorporates all Paragraphs of Section V above, as if set forth in this space.

43.   Plaintiff would show that Defendant Texas Department of Criminal Justice was also independently negligent in one or more of the following respects:

a. negligent hiring;
b. negligent employee qualifications;
c. negligent training;
d. negligent supervision and monitoring of Defendant Armstrong and other officers whose acts or omissions caused Decedent's untimely death;

     e.   negligent retention;

     f.   negligent contracting;

     g.   Defendant failed to have an adequate program and/or protocol in place to ensure that effective ongoing monitoring and training of its personnel occurred; and

     h.   Defendant placed personnel in the Darrington Unit facility knowing that the personnel were incompetent and that such incompetence could in all likelihood cause serious injury to others in the event of a health emergency such as that which occurred to Decedent.

## I.     GROSS NEGLIGENCE

44.     Plaintiff hereby incorporates all Paragraphs of Section V above, as if set forth in this space.

45.     Defendants acted recklessly and with wanton disregard for the health and safety of Decedent.  Plaintiff is entitled to exemplary damages in accordance with the Chapter 41 of the Texas Civil Practice & Remedies Code.  Accordingly, Plaintiff pleads for exemplary damages at the maximum amount allowed by law and as the trier of fact shall deem appropriate.

46.     The acts and omissions of Defendants Armstrong, Nwafor, Mbugua, Texas Department of Criminal Justice, and Texas Medical Branch-Correctional Managed Care as set forth above were of such a character as to make each such Defendant guilty of malice and gross negligence.  The conduct of Defendants, viewed objectively from the standpoint of the Defendants at the time of the occurrences, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and of which those Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of Decedent and others similarly situated.  Plaintiff seeks exemplary damages in such an amount as may be found to be proper under the facts and circumstances.

## VII.
## DAMAGES

## A.     ESTATE OF EUGENIO ESPINOZA MARTINEZ, DECEASED

47.     Plaintiff hereby incorporates all Paragraphs of Sections V and VI above, as if set forth in this space.

48.    Plaintiff seeks all damages recoverable by law, including but not limited to recoverable damages allowed by the Texas survival cause of action, including but not limited to:

    a.   physical pain and suffering of Martinez prior to his death;
    b.   mental anguish of Martinez prior to his death; and
    e.   funeral and burial expenses.

**B.     KALEEYSE MARTINEZ, INDIVIDUALLY**

49.    Plaintiff hereby incorporates all Paragraphs of Sections V and VI above, as if set forth in this space.

50.    Plaintiff seeks all damages recoverable by law.  Plaintiff seeks to recover for loss of society of Decedent and seeks to recover for the broad range of mutual benefits she would have received from her father had he lived, including love, affection, care, attention, companionship, comfort and protection.  Plaintiff also seeks to recover wrongful death damages, including but not limited to:

    a.   pecuniary loss;
    b.   loss of support;
    c.   loss of advice and counsel;
    d.   loss of services;
    e.   past and future mental anguish;
    f.   loss of companionship and society; and
    g.   for such other relief, both legal and equitable, to which she may be entitled.

### VIII.
### PUNITIVE DAMAGES

51.    Plaintiff hereby incorporates all Paragraphs of Sections V, VI, and VII above, as if set forth in this space.

52.    Plaintiff seeks recovery of exemplary damages under TEX. CIV. PRAC. & REM. CODE §71.009 for Defendants' willful acts or omissions and/or gross negligence in causing the death of Decedent.  Plaintiff seeks to recover the damages that Decedent could have instituted suit to recover, but for his untimely death.

## IX.
## TEX. R. CIV. P. 47(C) NOTICE

53.      Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief in excess

of $1,000,000.  As discovery in this matter has not yet commenced, Plaintiff cannot reliably state

a maximum amount of damages sought at this time and reserves the right to supplement in

accordance with the Texas Rules of Civil Procedure.

## X.
## ATTORNEYS' FEES

54.      Plaintiff hereby incorporates all Paragraphs of Section V above, as if set forth in this space.

55.      Plaintiff has been required to retain the services of attorneys to represent her in this

complex and difficult proceeding and cause of action.   Plaintiff has retained the undersigned

attorneys to represent her and, pursuant to the Eighth Amendment of the Constitution of the United

States and pursuant to 42 U.S.C. 1988(b) of the Federal Civil Rights Act, she is entitled to recover

her reasonable and necessary fees incurred for these attorneys, and the reasonable and necessary

expenses incurred in the pursuit of this claim at the trial level, the Court of Appeals level if the

case is appealed to that Court, and the Supreme Court of the United States, if necessary.

## XI.
## RULE 193.7 NOTICE

56.      Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby provides

notice to all parties in this case that she intends to use documents produced in response to any

written discovery by any party to this cause as authenticated and will be used for any purpose

allowed by Rule 193.7.

## XII.
## JURY DEMAND

57.      Plaintiff respectfully demands a trial by jury, the fee for which is tendered herewith.

## XIII.
## INITIAL DISCLOSURES

58.      Pursuant to Texas Rule of Civil Procedure 194.1(a), Defendants must disclose, within thirty (30) days of the filing of their Answer or general appearance, the information and materials described in 194.2, 194.3, and 194.4 of the Texas Rules of Civil Procedure, as amended.

## XIV.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff KALEEYSE MARTINEZ, Individually and as Representative of the Estate of EUGENIO ESPINOZA MARTINEZ, Deceased, prays for judgment against all Defendants for the following:

    a.   Actual damages;
    b.   Exemplary damages as allowed by law;
    c.   Past and future loss of enjoyment of life;
    d.   Past and future pain and suffering and mental anguish;
    e.   Wrongful death damages;
    f.   Pecuniary loss;
    g.   Loss of support;
    h.   Loss of advice and counsel;
    i.   Loss of services;
    j.   Loss of companionship and society;
    k.   Past and future loss of consortium
    l.   Past and future mental anguish;
    m.   Pre- and Post-Judgment Interest on damages;
    n.   Attorneys' fees;
    o.   Costs of court; and
    p.   All such other and further relief, either at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

ENGVALL & YORK, LLP

By:_____
    JOHN ENGVALL, JR.
    State Bar No. 06628975
    CHRISTINE N. YORK
    State Bar No. 24028058
    1811 Bering Drive, Suite 210
    Houston, Texas 77057
    Tel.: 713-787-6700
    Fax: 713-787-0070
    Email: jengvall@engvalltxlaw.com
    Email: cyork@engvalltxlaw.com

**ATTORNEYS FOR PLAINTIFF**