United States District Court
Southern District of Texas
**ENTERED**
July 20, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| KALEEYSE MARTINEZ, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF EUGENIO ESPINOZA MARTINEZ,  §§§§§§§§§§§§§§ Plaintiff. VS. TEXAS DEPARTMENT OF CRIMINAL JUSTICE, *et al.*, Defendants. | CIVIL ACTION NO. 3:21-cv-00258 |

## ORDER AND OPINION

Plaintiff Kaleeyse Martinez brings this civil action on behalf of herself and as representative of her father's estate against the Texas Department of Criminal Justice, Warden Bruce Armstrong, the University of Texas Medical Branch ("UTMB"), and two UTMB nurse practitioners. She alleges that her father, Eugenio Espinoza Martinez, experienced cruel and unusual punishment under the Eighth Amendment while in custody and sues pursuant to 42 U.S.C. § 1983. The core allegation in the Second Amended Complaint is that Defendants were negligent and deliberately indifferent by depriving necessary medical care and treatment, which ultimately led to Mr. Martinez's death.

Before me today is a motion to seal or redact docket entries filed by the two UTMB nurse practitioners named as defendants in this case—Adaobi C. Nwafor and David Mbugua (collectively, the "Nurse Practitioners"). *See* Dkt. 29. In their motion, the Nurse Practitioners ask that certain docket entries containing personal identifying information, such as their home addresses, be sealed, and that Plaintiff be required to resubmit these documents with their personal identifying information redacted.

To start, I note that "[t]he public's right of access to judicial proceedings is fundamental." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021). "The principle of public access to judicial records furthers not only the interests of the outside public, but also the integrity of the judicial system itself." *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010). The public's right of access "serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." *Id.* (quotation omitted). Accordingly, the Fifth Circuit "heavily disfavor[s] sealing information placed in the judicial record." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519–20 (5th Cir. 2022). Indeed, district courts have been instructed to be "ungenerous with their discretion to seal judicial records." *Le*, 990 F.3d at 418.

To be sure, there are limited circumstances in which it is appropriate to seal certain information, such as trade secrets, from the public's prying eyes. *See id.* But that is, without a doubt, the exception rather than the rule. To decide whether something should be sealed, a district court must undertake a "document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Id.* at 419 (cleaned up).

All this discussion about the appropriateness of the sealing of documents leads us to the present squabble. The Nurse Practitioners do not want their home addresses readily available to those searching the Court's docket. Allowing the public to access such information, they maintain, serves no public purpose and infringes on their powerful privacy interest in keeping personal identifying information out of the public domain. It should surprise nobody that district courts across the nation routinely permit the sealing of personal identifying information, such as home addresses. *See Krakauer v. Dish Network, L.L.C.*, 2015 WL 12750446, at *2 (M.D.N.C. Nov. 18, 2015) (rejecting argument that the plaintiff's personal information should not be sealed because it was publicly available online and granting motion to seal home addresses, email addresses, and telephone

numbers); *Schaechtel v. Md. Div. of Corr.*, No. 14–2099, 2015 WL 5331254, at *1 n.1 (D. Md. Sept. 9, 2015) ("Given obvious confidentiality considerations, personal information regarding all home addresses shall immediately be placed under seal."). This is because there is rarely a compelling justification for requiring the disclosure of home addresses, especially in a case like this where the Nurse Practitioners' home addresses have nothing to do with the ultimate issues. Keeping home addresses confidential understandably provides safety and peace of mind to the Nurse Practitioners, as well as their immediate family. Tellingly, Plaintiff cannot offer a coherent explanation as to what purpose is served by making the Nurse Practitioners' home addresses readily accessible to the general public. Although there is not, as far as I can tell, a specific statute that requires the sealing of the home addresses of those individuals who provide medical services to prisoners, I hold that the interest in protecting the private information of these individuals far outweighs the public's interest in their home addresses. Under these circumstances, I find that good cause exists to grant the Nurse Practitioners' motion to seal.

It is ordered that the Clerk of Court seal Dkts. 4, 5-1, 5-2, 9, 15, 18, 18-1, 18-2, 18-3, 23, and 24, and that those documents may only be unsealed by further order of the Court. To ensure that the sealing is "congruent to the need," *Le*, 990 F.3d at 420, I order the Nurse Practitioners to file a pleading by 5:00 p.m. on Friday, July 29, 2022 titled "Redacted Documents Available for Public Review." That pleading should attach, as clearly identified exhibits, redacted copies of Dkts. 4, 5-1, 5-2, 9, 15, 18, 18-1, 18-2, 18-3, 23, and 24. The only information that should be redacted from the documents filed with the Court as part of this order is the home addresses of the Nurse Practitioners.

SIGNED this 20th day of July 2022.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE